# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELLS FARGO TRUST COMPANY, N.A., as Trustee for VERICREST OPPORTUNITY LOAN TRUST 2011-NPL1, | : : : : | |
| | : | CIVIL ACTION NO. 3:11-1484 |
| Plaintiff | : : | (JUDGE MANNION) |
| v. | : : | |
| MICHAEL DAVIS, *Real Owner and Mortgagor,* and CHARLOTTE RAYBON-DAVIS, *Mortgagor,* | : : : | |
| Defendants | : | |

## **MEMORANDUM**[1]

Presently before the court is the plaintiff's motion for summary judgment (Doc. No. 14). Finding no issues of material fact remain with regard to this foreclosure action, the court will grant the motion and enter judgment in mortgage foreclosure on behalf of the plaintiff.

## I. BACKGROUND

On or about February 7, 2007, the defendants borrowed $243,750.00 from Flagstar Bank, FSB as evidenced by a promissory note executed on the same date (hereinafter the "Note"). (Doc. No. 14, Att. 3). To secure their obligations the defendants executed a purchase money mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") as

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

nominee for Flagstar Bank, FSB and encumbering the real property located at 79 Spangenburg Avenue, East Stroudsburg, PA (hereinafter the "Mortgage").

On July 18, 2011, MERS assigned the Mortgage to Vericrest Financial, Inc. On August 12, 2011 a Corrective Assignment of Mortgage was executed and the Mortgage was assigned to US Bank Trust National Association. On August 22, 2011 the Mortgage was assigned to the plaintiff.

On June 1, 2010, the defendants defaulted under the Note and the Mortgage by failing to make their monthly payment. The defendants have not made a required payment since defaulting in June 2010.

On August 11, 2011, the plaintiff commenced the instant action to foreclose on the mortgage. (Doc. No. 1). On November 22, 2011, Defendant Michael Davis filed an answer to the complaint, generally stating that he was without knowledge as to the amounts owed. (Doc. No. 9). Defendant Charlotte Raybon-Davis was served with a copy of the complaint on August 11, 2011, but has not responded in any manner in this action. (Doc. No. 8).

On July 17, 2012, the plaintiff filed the instant motion for summary judgment, (Doc. No. 15), to which a statement of material facts was attached, in addition to a brief in support, (Doc. No. 16). The plaintiff requests that the court grant the motion for summary judgment and enter an *in rem* judgment in mortgage foreclosure in favor of the plaintiff in the amount of $331,933.39, representing the principal of the Mortgage, interest, late charges, appraisal and inspection costs and escrow advances, and authorize the sale of the encumbered property. In addition, the plaintiff requests further recovery for

additional interest charges still to be calculated as well as attorney's fees and costs.

On August 10, 2012, Defendant Michael Davis filed a brief in opposition, (Doc. No. 17), and a brief in support, (Doc. No. 16). This brief voiced no legal argument, but rather indicated that Defendant Michael Davis had been attempting to restructure the mortgage obligations. The court afforded Defendant Michael Davis a second opportunity to file a legal brief in opposition and counter-statement of material fact. (Doc. No. 18). On April 23, 2013, Defendant Michael Davis filed a counter-statement of material facts, (Doc. No. 19), and brief in opposition, (Doc. No. 20).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine

3

whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *See Andreoli v. Gates,* 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman,* 327 F.3d 229, 238 (3d Cir.2003); *see also Celotex,* 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny,* 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non- movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 322-23; *see also Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d

4

Cir. 2007).

## III. DISCUSSION

Defendant Michael Davis "admits that he is obligated to the Bank and that he is behind on the mortgage, but does not think the Bank has provided a proper accounting." (Doc. No. 20 at 2). Moreover, Defendant Michael Davis "agrees with the Operative Facts in the Plaintiff's Memorandum of Law with the exception of the total amount still due." (Id.). In fact, the only cognizable arguments raised in Defendant Michael Davis's brief in opposition are that he contests the amount owed and that he should be entitled to proceed under the Residential Mortgage Foreclosure Diversion Program instituted in Monroe County, Pennsylvania. The court finds both of these arguments to be unavailing.

With respect to the defendant's challenge of the amount due, the defendant offers no substantive evidence that the plaintiff's calculation is in error. At this stage, a party cannot rely solely on allegations but must point to evidence that would support a jury finding in its favor. The plaintiff has provided an itemized accounting of the amounts owed under the Note and Mortgage to which the defendant has merely stated that he does not agree. Specifically, the plaintiff asserts the following break down of the requested judgment amount: principal debt due in the amount of $269,848.09; interest in the amount of $35,093.37; late charges in the amount of $516.67; FCL Appraisal or BPO in

5

the amount of $320.00; PP-Inspections Collections in the amount of $75.25, and; escrow advances in the amount of $26,080.01. In response to this detailed explanation of the sum due, a generalized and unsupported allegation that it is incorrect cannot survive at this stage of the proceeding.

With respect to the defendant's claim that he should be allowed to proceed under the Monroe County foreclosure diversion program, unfortunately for the defendant, the federal courts do not proceed under local county programs. This federal jurisdiction has been established pursuant to 28 U.S.C. §1332, programs, rules and/or orders of the local Pennsylvania Courts are not part of the relief available to a party.

Therefore, the court finds that no issues of material fact remain and will enter judgment in mortgage foreclosure in favor of the plaintiff and against Defendant Michael Davis. An appropriate order will follow.

                                            s/ *Malachy E. Mannion*
                                            **MALACHY E. MANNION**
                                            **United States District Judge**

**Dated: June 4, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2011 MEMORANDA\11-1484-01.wpd